# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**JAS,**  Civil No. 07-3230 (JMR/SRN)

    **Plaintiff,**

    v.  **REPORT AND RECOMMENDATION**

**Michael J. Astrue, Commissioner
of Social Security,**

    **Defendant.**

---

Daniel S. Rethmeier, Rethmeier Law Office PLLC, 26 North Sixth Avenue, Suite 200, St. Cloud, Minnesota 56302, on behalf of Plaintiff

Lonnie F. Bryan, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, on behalf of Defendant

---

SUSAN RICHARD NELSON, United States Magistrate Judge

Plaintiff JAS brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Defendant Commissioner of Social Security ("Commissioner"), who found Plaintiff not statutorily disabled and not entitled to disability insurance benefits or supplemental security benefits. The matter is before the undersigned Magistrate Judge for a Report and Recommendation pursuant to District of Minnesota Local Rule 72.1.

Plaintiff filed her Complaint on July 6, 2007. In lieu of filing an answer, the Commissioner moved to remand the case pursuant to sentence six of 42 U.S.C. § 405(g), which states in relevant part: "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of

Social Security for further action by the Commissioner of Social Security . . . ." The Commissioner requests a remand because the Social Security Office of Disability Adjudication and Review cannot locate the cassette tape of the administrative hearing. The Court finds this constitutes good cause to remand the case to the Commissioner for further action. See H.R. Rep. No. 96-944, at 59 (1980) (Conf. Rep.), reprinted in 1980 U.S.C.C.A.N 1392, 1407 ("Where . . . the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the secretary for appropriate action to produce a record which the courts may review . . . .").

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Remand (Doc. No. 6) be **GRANTED**, and the case be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further administrative action.

Dated: September 21, 2007

                                                                          s/ Susan Richard Nelson
                                                                          SUSAN RICHARD NELSON
                                                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 8, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.